Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50507 | DATE | 5/9/2003 |
| CASE TITLE | RANKINS vs. WINZELER, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Rankins' claims against Winzeler are dismissed with prejudice, as are his claims against Schuman relating to his presentation of witness testimony before the grand jury. Rankins' claims against Schuman relating to the alleged withholding or destruction of evidence are dismissed without prejudice as premature. Rankins' claims against defendants Castronova and Berke are stayed pending entry of judgment in *United States v. Rankins*, No. 03 CR 50003. If Rankins wishes to pursue this suit against Castronova and Berke, Rankins shall move to lift the stay by filing an amended complaint against Castronova and Berke within thirty days of the entry of judgment in this court. If no amended complaint is filed within such thirty-day period, this action shall be dismissed with prejudice on the next court day.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 13 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAY 13 2003 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MICHAEL A. RANKINS, )
)
Plaintiff, )
) No. 02 C 50507
v. )
) Judge Philip G. Reinhard
TAJA WINZELER, ROBERT L. SCHUMAN, )
MIKE CASTRONOVA and RANDY BERKE, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael A. Rankins filed this *pro se* complaint under 42 U.S.C. § 1983, alleging that his arrest and prosecution violated his constitutional rights. Rankins may proceed without prepayment of the filing fee.[1] As Rankins is in custody, the Prison Litigation Reform Act requires the court to review the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim upon which relief may be granted, the court takes the allegations of the complaint as true and draws reasonable inferences in the plaintiff's favor. *Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001).

Rankins' "Amended Complaint" was received December 26, 2002, and a second filing, captioned "Complaint," on January 13, 2003. The reversed order does not matter. Although normally an amended complaint supersedes the initial complaint and the initial complaint is disregarded, because Rankins is unrepresented the court will consider all allegations contained in both filings. *See Gutierrez v. Peters*, 111 F.3d 1364, 1367 & n. 2 (7th Cir. 1997).

## RANKINS' ALLEGATIONS[2]

Rankins alleges that on June 2, 2002, defendant Mike Castronova, a Rockford police officer "on motorized patrol," became suspicious when he saw Rankins back his car out of a dead-end street. Castronova lacked legally sufficient grounds to stop Rankins' car, but nevertheless used his radio to call

---

[1] A separate order will be entered directing installment payments of the filing fee as required by 28 U.S.C. § 1915(b).

[2] Both the Complaint and Amended Complaint are hand-printed in capital letters; quotations have been edited to conform to ordinary usage.

for assistance in stopping him. Defendant Randy Berke, another Rockford officer, saw Rankins' car and followed it. Castronova's car caught up with them and nearly ran Rankins off the road. Rankins nevertheless kept driving, and Castronova and Berke arrested him when he turned into a friend's driveway.

After Berke and Castronova wrestled Rankins to the ground and handcuffed him, Castronova searched him, finding "what is alleged to be cocaine" in Rankins' pants pocket and a sock containing a handgun on the floor of the police car where Rankins had been sitting. Rankins was charged with armed violence, violation of the Controlled Substances Act, "fleeing with the intent to elude" and obstructing justice.

The remainder of the Complaint is divided into "counts," containing additional allegations as well as Rankins' proposed theories of recovery. Counts I and II assert that Castronova and Berke stopped Rankins without the "articulable suspicion" required by *Terry v. Ohio,* 392 U.S. 1 (1968), and arrested him without probable cause in violation of the Fourth Amendment. Count III asserts that the Winnebago County State's Attorney's Office "is supporting" Castronova and Berke's misconduct because "the State's Attorney allowed the dispatch recordings to be destroyed in full knowledge that this dispatch recording held what was officer Castronova's reasonable articulable suspicion which brought other officer running to aid him in locating the plaintiff," and asserts that the recordings should have been turned over to the defense as exculpatory material under Illinois Supreme Court Rule 412. Rankins alleges that the State's Attorney also knew that Berke's testimony before the grand jury conflicted with his police report. Count IV alleges that the trial judge, who is not named as a defendant, erred in denying Rankins' motion to quash his arrest and suppress the evidence seized in connection with it.

Count V alleges that Rankins' public defender, Taja Winzeler, named as a defendant in the Amended Complaint but not the Complaint, "committed the act of ineffective assistance of counselor" by failing to visit him to discuss trial strategy and by failing to file a motion to preserve the dispatch recording. Winzeler's initial motion to suppress misnamed the arresting officer, causing it to be denied, and during the suppression hearing she failed to bring out on cross-examination that Castronova's testimony included facts not included in the police report. Rankins accuses Winzeler of "intentionally stalling" because she obtained continuances to research case law, in violation of Rankins' right to speedy trial and his right to counsel.

The Amended Complaint contains additional allegations in support of these claims and names individuals, rather than entities, as defendants. Rankins alleges that Berke lied to the grand jury by giving testimony inconsistent with the police reports. By presenting his testimony, Assistant State's Attorney Robert L. Schuman "failed to assess the evidence the officers gathered in such thing as the police reports, or Schuman flat out committed obstruction of justice and prosecutorial misconduct." Rankins also alleges that Schuman "destroyed dispatch records which told the true reason of why these two police stopped plaintiff. Rankins believes it was a case of racial profiling."

In the Amended Complaint, Rankins accuses Winzeler of filing motions to delay his trial beyond the 120-day "speedy trial" deadline. He alleges she failed to point out "such obvious mistakes as the false statement of [Berke's] testimony to the grand jury" and failed to object to Castronova introducing new testimony at the suppression hearing offering a reason for his suspicion different from that given in the police report. Winzeler was also unprepared for the suppression hearing, causing further delays. In July of 2002, Rankins had asked Winzeler to obtain the dispatch record or records, but Winzeler did not follow up and file a motion to obtain them. Rankins alleges they were needed for the suppression hearing "as they contained the play by play verbal account of the apprehending of the plaintiff: probable cause to arrest subsequent the radio bulletin instigating a investigative stop."

The Amended Complaint lacks a prayer for relief, but the Complaint seeks "immediate restoration of the plaintiff['s] liberty," "nominal damages" of $100 for each day incarcerated, "compensatory damages" of one million dollars for lost income (at the time of his arrest Rankins was "grossing" $600.00 every two weeks, but claims his business would have grown), $3.5 million in "exemplary damages" for official misconduct, and "punitive damages" of five million dollars "for the pain and suffering the plaintiff experienced as a result of the mental pressures of being offered 10 years" and "the feeling of helplessness and hopelessness coming against the prosecutorial misconduct of the experienced states attorney office of Winnebago County."

Rankins conspicuously does *not* allege the outcome of the criminal proceedings against him. Although the state charges were dismissed, the court takes judicial notice of Rankins's pending federal prosecution for drug trafficking and weapons violations based on the arrest and search at issue here. *United States v. Rankins*, No. 03 CR 50003 (N.D. Ill., W.D.).

## ANALYSIS

### A. Custody

We begin with the end -- what Rankins wants the court to do. Rankins may sue for damages under 42 U.S.C. § 1983 if the defendants, acting under color of state law, deprived him of rights guaranteed by the United States Constitution, but may not seek release from custody. For prisoners in custody pursuant to state law, the sole federal remedy is a writ of habeas corpus directed to the petitioner's custodian. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). None of the defendants had custody of Rankins when this suit was filed, and Rankins is now in federal custody. The lawfulness of his custody is at issue in the pending criminal proceedings and may not be collaterally attacked in a civil rights action. *See Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(federal prisoner cannot challenge length of sentence in *Bivens* action).

### B. Defendant Governmental Entities

The Complaint names as defendants the Winnebago County Public Defender's Office, the Winnebago County State's Attorney's Office, the Sheriff of Winnebago County, and the Rockford Police Department. Because the Complaint was received after the Amended Complaint, these entities were not docketed as defendants, but neither the Complaint nor the Amended Complaint contains allegations to support a claim against them. The Winnebago County Public Defender's Office, the Winnebago County State's Attorney's Office and the Rockford Police Department are not suable entities; any claims would have to be brought against Winnebago County, Winnebago County State's Attorney, Paul Logli, or the City of Rockford.

These municipal entities cannot be liable under § 1983 for constitutional violations committed by their employees, unless the violations resulted from enforcement of an express municipal policy, a practice constituting a custom or usage with the force of law, or action by a person with final policymaking authority. *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001). Nothing of the sort is alleged here. Although the Sheriff of Winnebago County and the State's Attorney are persons who may be sued under § 1983, Rankins alleges no acts by them that would support liability in an individual capacity, nor any policy of the offices that would support liability in an official capacity.

4

## C. Public Defender Winzeler

Turning to the individual defendants identified in the Amended Complaint, Rankins has no claim against Winzeler for two reasons. First, Rankins has not alleged ineffective assistance of counsel as defined by *Strickland v. Washington,* 466 U.S. 668, 694 (1984): acts or omissions falling outside the bounds of reasonable professional judgment creating a reasonable probability that the outcome would have been different had they not occurred. Second, only persons acting "under color of" state law, that is, with state power or authority, can be sued under 42 U.S.C. § 1983. In representing a criminal defendant a public defender acts on behalf of the defendant, not the state, and hence not under color of state law. *Polk County v. Dodson,* 454 U.S. 312 (1981); *Sceifers v. Trigg,* 46 F.3d 701, 704 (7th Cir. 1994).

## D. Assistant State's Attorney Schuman

Rankins accuses Schuman of misleading the grand jury by ignoring inconsistencies between the police reports and Berke's testimony. He also claims Schuman destroyed, or allowed to be destroyed, audiotaped exchanges between the arresting officers, or between the officers and the dispatcher, that would have impeached the officers' account of their reason for stopping Rankins' car.

The first claim is barred by prosecutorial immunity. A prosecutor acting within his or her role as state's advocate is absolutely immune from damage claims. *Kalina v. Fletcher,* 522 U.S. 118, 125-29 (1997); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). Presenting police officers' testimony to the grand jury is clearly part of a prosecutor's advocacy function. Even a prosecutor's knowing use of perjured testimony at trial, while it may require reversal of the conviction, *see United States v. Agurs,* 427 U.S. 97, 103, and n. 8 (1976), nevertheless falls within the scope of absolute immunity. *Briscoe v. LaHue,* 663 F.2d 713, 721-22 (1981), *aff'd,* 460 U.S. 325 (1983); *see House v. Belford,* 956 F.2d 711, 720 n.12 (7th Cir. 1992).

Rankins alleges in the Amended Complaint that Schuman "destroyed dispatch records," but in the Complaint only states that "the State's Attorney allowed the dispatch recordings to be destroyed," and faults Winzeler for not filing a timely motion to obtain them, "thus allowing the state's Attorney time to destroy the records in question." Apparently the tapes were destroyed according to routine police procedure because neither Schuman nor Rankins' counsel asked that they be preserved.

5

This claim might not be barred by prosecutorial immunity. Schuman's actions with respect to the tapes might arguably fall outside the scope of advocacy and trial preparation, and a prosecutor's investigative or administrative functions are not protected by absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269-276 (1993). Nevertheless, it is doubtful that Rankins could state a claim against Schuman, and clear that he cannot do so now.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, a prosecutor has a duty to disclose evidence favorable to a criminal defendant, where the evidence is material either to guilt or to punishment, regardless of whether there has been a request by the defendant. This duty extends to impeachment evidence as well as evidence that is directly exculpatory. *United States v. Stott*, 245 F.3d 890, 901 (7th Cir. 2001). Police officers withholding exculpatory evidence can be sued under § 1983 for denying a defendant the fair trial guaranteed by the Due Process Clause of the Fourteenth Amendment, *Ienco v. City of Chicago*, 286 F.3d 994, (7th Cir. 2002), *cert. denied sub nom. Angarone v. Ienco*, 123 S.Ct. 581, 154 L.Ed.2d 442 (Nov. 18, 2002); *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), and the same rule presumably applies to a prosecutor acting in an investigatory role.[3]

If potentially helpful evidence was destroyed in accordance with ordinary police procedures, there could be a constitutional violation only if Schuman acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *Henry v. Page*, 223 F.3d 477, 480-81 (7th Cir. 2000). This requires either that Schuman actually knew the tapes contained material evidence, or at least that the materiality of the destroyed evidence would have been apparent at the time it was destroyed.

Rankins does not allege that either he or his counsel reviewed the tapes, and does not state why he believes the tapes would be material. He alleges in the Complaint that Castronova "didn't raise any reasonable articulable suspicion in the radio bulletin that instigated the Terry [stop], so the State's

---

[3] Although the Seventh Circuit in *Stott* reserved the question whether a prosecutor's duty to disclose extends to suppression hearings where neither guilt nor punishment is at issue, *Stott*, 245 F.3d at 901-02, *Ienco* suggests that the duty to disclose embraces evidence bearing solely on the legality of a search. Plaintiff Ienco appealed his federal conviction, claiming that the search of his car leading to the evidence convicting him had violated the Fourth Amendment. The Court of Appeals remanded for a new suppression hearing before a different district judge, who granted the motion and found that the police officers had lied at the initial hearing. The government then dismissed the charges against Ienco.

Ienco brought suit under § 1983 against the officers who had conducted the search. The district court granted summary judgment for the defendants because the criminal proceedings against Ienco had not terminated in a manner indicative of his innocence. Although this ruling was consistent with Seventh Circuit precedent, on appeal the Seventh Circuit applied its intervening decision in *Newsome*, holding that this element of the state-law tort of malicious prosecution is not an element of a constitutional claim for denial of due process, and remanding with instructions that Ienco be permitted to amend his complaint to state a claim for denial of due process.

Attorney allowed the dispatch recordings to be destroyed in full knowledge that this dispatch recording held what was officer Castronova's reasonable articulable suspicion which brought other officer running to aid him in locating the plaintiff."

This makes no sense; either the tapes contained Castronova's articulation of his suspicions or it didn't. If Rankins claims the recording would have shown that Castronova did not say why Rankins had aroused his suspicions, this would have been immaterial. An officer making an investigatory stop must *have* a "reasonable articulable suspicion supported by articulable facts that criminal activity is afoot," *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000), but need not recount those facts in calling for assistance. A call for assistance is not the equivalent of a warrant application. Even if Castronova's radio call had articulated a different reason than that given in his police report, it would probably be immaterial, since Castronova was not required to recount *any* suspicious circumstances, much less all of them. In any event, the lawfulness of the stop would depend on the "articulable facts" known to him *at the time of the stop*, not at the time he called for assistance.

But this is speculative, because Rankins has yet to be tried. Rankins will have a claim only if Schuman's actions denied him a fair and impartial trial. *Ienco*, 286 F.3d at 998-99; *Newsome*, 256 F.3d at 752. If Rankins is tried and convicted, he may sue Schuman under § 1983 only if and when his conviction is overturned, in accordance with the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Newsome*, 256 F.3d at 752.[4] To prevent a civil suit under § 1983 from being used as a collateral attack on a conviction, *Heck* held that in order to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Accordingly this claim against Schuman must also be dismissed, although without prejudice.

### E. Officers Castronova and Berke

Rankins has pleaded a Fourth Amendment claim against Castronova and Berke by stopping just short of alleging facts that would defeat his claim. Whether or not Castronova initially had an

---

[4] It is unclear whether a person who has been *acquitted* may sue for damages for police or prosecutorial misconduct under § 1983. Judge Kennelly of this court recently held that he may. *Carrocia v. Anderson*, No. 02 C 3916, ___ F.Supp.2d___, 2003 WL 1090156 (N.D. Ill., March 11, 2003).

articulable suspicion to justify a stop, Rankins' failure to pull over could have furnished probable cause to arrest him for attempting to elude a police officer in violation of 625 ILCS 5/11-204. However, the statute requires that the officer be in uniform, have activated the flashing lights on his vehicle, and have signaled the defendant to stop. Because Rankins has not alleged these elements of the offense, he has narrowly avoided pleading himself out of court.

A Fourth Amendment claim arising from a warrantless arrest without probable cause (and a search incident to that arrest) accrues at the time of arrest. It is not subject to the rule of *Heck v. Humphrey*, since a wrongful arrest and search does not *necessarily* invalidate a conviction; even if the evidence known to the police would not justify the arrest and search, other evidence discovered later could support a valid conviction. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897-99 (7th Cir. 2001) (*citing Heck*, 512 U.S. at 487 n.7). The rule is categorical, *id.* at 897; the court does not determine whether the illegality of a particular arrest would invalidate a particular conviction.

### F. Collateral Criminal Proceedings

Nevertheless, although Rankins' claim for wrongful arrest and search has accrued, it must be stayed pending the resolution of Rankins' federal criminal proceedings. A criminal defendant may not utilize constitutional tort litigation to supplement -- or sidetrack -- the criminal proceedings. Parallel civil and criminal proceedings create the possibility of inconsistent rulings. Even if both proceedings are assigned to the same judge, there is the matter of the timing and appealability of the respective rulings. A criminal defendant may raise Fourth Amendment objections to his arrest and search in pretrial motions, but must wait until final judgment to appeal the ruling. If a district court proceeded to decide the same constitutional issues in a separate civil suit, it could result in an appeal from the judgment (or an interlocutory appeal of the denial of qualified immunity) while criminal proceedings were pending. *See Deaver v. Seymour*, 822 F.2d 66, 68-71 (D.C. Cir. 1987). There is also the problem of pretrial discovery. A party to a federal civil suit is permitted much more extensive discovery than a federal criminal defendant. Congress hardly intended to permit criminal defendants to circumvent the Federal Rules of Criminal Procedure by suing the police or prosecutor.

Proceedings in the civil suit will also be stayed because resolution of the criminal proceedings may dispose of Rankins' civil claim, while the converse would not be true. The doctrine of collateral estoppel, or "issue preclusion," applies to actions under § 1983. *Allen v. McCurry*, 449 U.S. 90 (1980). If a party has had a full and fair opportunity to litigate an issue in one proceeding and loses, he will be prevented from raising the same issue in another proceeding. Collateral estoppel applies when: (1) the issue sought to be precluded is the same as that in the prior action; (2) the issue was actually litigated; (3) determination of the issue was essential to the judgment; and (4) the party to be estopped was fully represented in the prior action. *Chicago Truck Drivers Union Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997).

The United States is not a party to the civil suit and a judgment in the civil suit cannot bind the United States in Rankins' criminal prosecution. On the other hand, where a criminal defendant has had a full and fair opportunity to contest the lawfulness of an arrest or search in the course of the criminal proceedings and loses, his conviction will bar the corresponding civil claim. *Allen, supra*; *Guenther v. Holmgreen*, 738 F.2d 879, 884 (7th Cir. 1984).

Rankins filed a motion to suppress in his federal criminal prosecution, challenging the lawfulness of his arrest and search.[5] On April 28, 2003, this court denied the motion, finding that the stop, arrest and search were lawful. If Rankins is subsequently convicted, it would collaterally bar his claim against Castronova and Berke in this case. Rankins' claims against defendants Castronova and Berke are accordingly stayed pending entry of judgment in the criminal proceeding.

---

[5] Rankins also lost a motion to suppress in his state-court criminal proceedings. Because the charges were dismissed, the ruling did not result in a judgment having preclusive effect.

9

## CONCLUSION

Rankins' claims against Winzeler are dismissed with prejudice, as are his claims against Schuman relating to his presentation of witness testimony before the grand jury. Rankins' claims against Schuman relating to the alleged withholding or destruction of evidence are dismissed without prejudice as premature. Rankins' claims against defendants Castronova and Berke are stayed pending entry of judgment in *United States v. Rankins*, No. 03 CR 50003. If Rankins wishes to pursue this suit against Castronova and Berke, Rankins shall move to lift the stay by filing an amended complaint against Castronova and Berke within thirty days of the entry of judgment in this court. If no amended complaint is filed within such thirty-day period, this action shall be dismissed with prejudice on the next court day.

ENTER:

_____
PHILIP G. REINHARD, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 9, 2003